**CV 13-4890**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

WAYNE MILLINGTON, KHARY BROWN AND
SUPREME CLARKE

                                             Plaintiffs,     **COMPLAINT AND JURY DEMAND**

-against-

CITY OF NEW YORK AND JOHN DOE POLICE
OFFICERS #1-3,                                      **GLEESON, J.**

                                             Defendants.    **POHORELSKY, M.J.**
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a March 20, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false arrest and illegal imprisonment.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. All other individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On the day of the incident, plaintiffs were visiting a friend who lives at 352 Bristol St., Brooklyn, NY. At approximately 10:45PM, plaintiffs left their friend's home and walked toward their cars that were parked on Bristol St. Before they were able to reach their cars, they were

2

stopped by the defendant officers.

12. The officers seized plaintiffs without reason and did not allow them to leave. The officers demanded identification and an explanation of where they were coming from. Each plaintiff produced identification and explained they had been visiting a friend.

13. The plaintiffs were searched. No illegal contraband or weapons were found on plaintiffs or at the scene. Nevertheless, plaintiffs were handcuffed and placed in police vehicles. They were transported to the 73rd precinct.

14. The plaintiffs were eventually taken to Central Booking. After more than nineteen hours in custody, the plaintiffs were released without seeing a Judge. The Kings County District Attorney declined to prosecute the cases.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

17. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

    b. Violation of their right to Due Process of Law under the Fourteenth Amendment

to the United Stated Constitution;

c.  Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.  Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.  Physical pain and suffering;

f.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

g.  Loss of liberty.

## **FIRST CAUSE OF ACTION**
(42 USC § 1983)

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiffs under 42 U.S.C. §§1983.

20. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## **SECOND CAUSE OF ACTION**
(Municipal Liability 42 U.S.C. §1983)

21. The above paragraphs are here incorporated by reference.

22. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to

continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

23. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

24. In <u>Floyd v. City of New York</u>, 08CV1034(SDNY), the Honorable Judge Scheindlin received nine weeks of testimony and numerous written submissions from the City regarding the same stop and frisk procedures that caused the violation of plaintiffs' rights. The Court held that the "City acted with deliberate indifference toward the NYPD's practice of making unconstitutional stops and conducting unconstitutional frisks."

25. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of his police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of his fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

26. In <u>Floyd</u>, Judge Scheindlin also held that the "1999 AG [Attorney General] Report put the NYPD on notice that its stop and frisk practices were resulting in constitutional violations. Despite that notice, senior NYPD officials significantly increased the risk of constitutional violations by applying pressure throughout the chain of command to raise the number of stops

without imposing a countervailing pressure to ensure their constitutionality, and without instituting adequate supervisory, monitoring or disciplinary procedures."

27. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

28. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

29. Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of

the New York City Bar Association issued in 2000, the City has isolated his law department from the discipline of police officers, so that civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Again, in the Floyd case, Judge Scheindlin, found that "the City failed to establish that the NYPD has any mechanism for identifying or tracking unconstitutional stops."

30. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

31. Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### **JURY DEMAND**

Plaintiffs demand a trial by jury.

DATED:      Brooklyn, New York
            August 29, 2013

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007

                                              Yours, etc.,

                                              *signature*

                                              Stoll, Glickman & Bellina, LLP
                                              By: NICOLE BELLINA, ESQ.
                                              Attorney for Plaintiffs
                                              475 Atlantic Ave. Fl.3
                                              Brooklyn, NY  11217
                                              (718) 852-3710